[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12286
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-01678-JDW-AEP


CURTIS LEE SHULER,

                                                        Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

ATTORNEY GENERAL, STATE OF FLORIDA,

                                                        Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Curtis Shuler, a Florida prisoner proceeding *pro se*, appeals the District Court's denial of his 28 U.S.C. § 2254 habeas corpus petition for relief from his convictions and resulting life sentence without the possibility of parole for felony first degree murder and attempted burglary stemming from an attempted carjacking. The District Court granted a certificate of appealability as to whether Shuler was denied due process in violation of *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), when the State elicited misleading testimony on cross-examination.

Briefly, the salient facts are these. During his defense, Shuler called his co-defendant, Sylathum Streeter, who had previously stated under oath that Shuler was responsible for shooting the victim. On the stand, Streeter testified that another conspirator, Victor Lester, was responsible, and that his previous testimony was the result of an agreement with Lester to frame Shuler. On cross, the State elicited testimony that Streeter had participated in several other shootings after the carjacking at issue, but when subsequently questioned by police, had admitted his involvement in the other crimes while only implicating Shuler in the carjacking.

In fact, Streeter *had* implicated Shuler in at least one of those crimes, and both Shuler and the State were aware of that fact. Shuler did not object, however, and did not correct the misleading impression on re-direct. Shuler raised the issue

in his direct appeal, but the Florida District Court of Appeal affirmed without opinion. *Shuler v. State*, 888 So. 2d 35 (Fla. 2d DCA 2004) (table).

In the instant appeal, Shuler argues that the District Court erred in finding no *Giglio* violation. He asserts that the misleading testimony was material and left him in the "untenable position" of having to testify to his other crimes in order to contradict the impression that Streeter had not implicated him in any other crime.

"We review *de novo* the grant or denial of a writ of habeas corpus by a district court." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1230 (11th Cir. 2014) (quoting *Muhammad v. Sec'y, Fla. Dep't of Corr.*, 733 F.3d 1065, 1071 (11th Cir. 2013)). Thus, we review Shuler's *Giglio* claim using the standard established by 28 U.S.C. § 2254—the same standard the District Court used.

Under that statute, we may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the judgment of the state court, here the Florida District Court of Appeal, (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court decision is "contrary to" established federal law if (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question

3

of law, or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000).

An adjudication on the merits in state court is defined as "any state court decision that does not rest solely on a state procedural rule." *Shelton v. Sec'y Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012) (quotations omitted). Thus, a state appellate court's affirmance of an appellant's conviction and sentence without written opinion is entitled to deference, "unless the state court clearly states that its decision was based solely on a state procedural rule." *Id.* (quotation omitted). However, in this situation, "instead of deferring to the reasoning of the state trial court, [we] ask[] whether there was any reasonable basis for the [state appellate court] to deny relief." *Wilson v. Ga. Diagnostic Prison*, 774 F.3d 671, 678 (11th Cir. 2014).

"*Giglio* error, a species of *Brady [v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)]* error, occurs when the *undisclosed evidence* demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury." *Ford v. Hall*, 546 F.3d 1326, 1331 (11th Cir. 2008) (quotations omitted and emphasis added).

Here, there was no *Giglio* violation because there was no undisclosed evidence. *See Hammond v. Hall*, 586 F.3d 1289, 1308–09 (11th Cir. 2009)

4

(holding that *Giglio* claim failed because the evidence was known by defense counsel).  Shuler knew exactly what the State knew—that Streeter had actually implicated Shuler in one or more collateral crimes—and made a strategic decision not to go further down that road, either by objecting or by clarifying on re-direct. *See Stephens v. Hall*, 407 F.3d 1195, 1206 (11th Cir. 2005) ("There is no violation of due process resulting from prosecutorial non-disclosure of false testimony if defense counsel is aware of it and fails to object." (quoting *Routly v. Singletary*, 33 F.3d 1279, 1286 (11th Cir. 1994)).

Furthermore, when he called Streeter in his defense, Shuler opened the door to vigorous cross-examination about Streeter's credibility.  Having made that choice, Shuler cannot then complain about being forced to make a difficult decision between trying to patch up Streeter's credibility and minimizing discussion of his own involvement in collateral criminal activity.

We conclude that the Florida District Court of Appeal did not misapply the Supreme Court's holding in *Giglio*, because the State's cross-examination of Streeter did not constitute a *Giglio* violation.

**AFFIRMED.**

5